IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KING AEROSPACE COMMERCIAL CORPORATION, INC.,** | § § § | |
| Plaintiff/Counterclaim Defendant, | § § | Civil Action No. **3:08-CV-0999-L** |
| v. | § § | |
| **AL-ANWA AVIATION, INC., a/k/a AL-ANWA TRADING AND CONTRACTING ESTABLISHMENT**, | § § § § | |
| Defendant/Counterclaim and Third-Party Plaintiff, | § § § | |
| v. | § § | |
| **SIMAT, HELLIESEN & EICHNER, INC., a/k/a SH&E, INC.,** | § § § | |
| Third-Party Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Third-Party Defendant Simat, Helliesen & Eichner, Inc. a/k/a SH&E, Inc.'s Rule 12(b)(6) Motion to Dismiss, filed August 12, 2008; (2) Plaintiff KACC's Motion for Leave to File an Amended Complaint, filed January 6, 2009; and (3) Plaintiff KACC's Motion for Leave to File an Amended Answer, filed January 6, 2009. After carefully considering the motions, briefs, record, and applicable law, the court **grants in part** and **denies in part** Third-Party Defendant Simat, Helliesen & Eichner, Inc. a/k/a SH&E, Inc.'s Rule 12(b)(6) Motion to Dismiss; **grants** Plaintiff KACC's Motion for Leave to File an Amended Complaint; and **grants** Plaintiff KACC's Motion for Leave to File an Amended Answer.

## I. Factual and Procedural Background

Plaintiff and Counterclaim Defendant King Aerospace Commercial Corporation, Inc. ("KACC") filed its Original Petition in the 116th Judicial District Court, Dallas County, Texas on May 23, 2008. KACC brought this action against Defendant and Counterclaim and Third-Party Plaintiff Al-Anwa Aviation, Inc. a/k/a Al-Anwa Trading and Contracting Establishment ("Al-Anwa") alleging claims of breach of contract, quantum meruit, and unjust enrichment. Al-Anwa removed the case to this court on June 13, 2008, and on June 20, 2008, it filed counterclaims and a third-party complaint against KACC and Third-Party Defendant Simat, Helliesen & Eichner, Inc. a/k/a SH&E, Inc. ("SH&E"). Al-Anwa asserts claims of breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, negligence, gross negligence, negligent misrepresentation, and civil conspiracy against SH&E. Al-Anwa has brought claims of breach of contract, unjust enrichment, conversion, aiding and abetting, and civil conspiracy against KACC, and it seeks a declaratory judgment and injunctive relief.

Al-Anwa alleges that its relationship with SH&E began in July 2007, when it met with SH&E in New York City to discuss retaining SH&E to facilitate modifications to an aircraft it owned, Lockheed Model L1011-500, Serial Number 1247, ICAO Registration Number HZ-AB1 (the "Aircraft"). After the meeting, SH&E allegedly traveled to Riyadh to inspect the Aircraft's records and advised Al-Anwa that it had all necessary documentation and that, if any documents were missing, it could procure those documents from Lockheed Martin. Thereafter, Al-Anwa contends that it met with SH&E on a number of occasions in Jeddah in the Kingdom of Saudi Arabia, and Dubai in the United Arab Emirates. At the September 2007 meeting in Jeddah, Al-Anwa alleges

that SH&E submitted a "Specification for Modification Package" for the Aircraft, which detailed its suggested modifications.

On October 8, 2008, Al-Anwa and SH&E entered into a contract relating to the Aircraft modification ("SH&E Agreement"). Al-Anwa contends that SH&E agreed to:

> (i) evaluate, design and price the interior refurbishment;
> (ii) develop a maintenance package for the performance of a detailed maintenance check of the Aircraft, known in the industry as a "D-Check;"
> (iii) evaluate and procure appropriate contractors to perform the refurbishment and D-Check;
> (iv) negotiate all necessary contracts for the Aircraft refurbishment and the D-Check; and
> (v) perform on-site management with respect to both the refurbishment and the D-Check.

Def. Al-Anwa's Answer, Affirmative Defenses, Countercls., and Third-Party Compl. (doc. 4) ("Third-Party Compl.") ¶ 68. Al-Anwa also alleges that SH&E offered its services regarding the installation of a replacement engine, and recommended Victorville Aerospace, LLC ("Victorville") to install the replacement engine. It contends that it sent the Aircraft to Victorville in Marseilles, France, but that Victorville was unable to install the replacement engine. Al-Anwa alleges that SH&E sent the Aircraft to Victorville a second time, at which point a SH&E representative installed the engine in noncompliance with the Aircraft's specifications.

Al-Anwa contends that SH&E negotiated a contract with Victorville to perform the D-Check that was executed on November 13, 2007. It alleges that SH&E made misrepresentations regarding the amount of the contract that needed to be paid to reserve a slot at Victorville, and that the contract price is grossly inflated.

On November 15, 2007, Al-Anwa signed a contract with KACC for the removal of the Aircraft's interior (the "Interior Removal Contract"). This contract was negotiated by SH&E, and

**Memorandum Opinion and Order – Page 3**

Al-Anwa paid the full contract amount. Al-Anwa argues that SH&E presented KACC as the only vendor available at that time to perform the refurbishment of the Aircraft. In December 2007, Al-Anwa, KACC, and SH&E met in Riyadh. Al-Anwa and KACC executed a letter of intent ("LOI") on December 8, 2007, that was largely negotiated by SH&E. Thereafter, Al-Anwa and KACC signed the Commercial Corporation Aircraft Interior Modification Agreement ("CCAIMA") on December 13, 2007. Al-Anwa alleges that KACC has breached the CCAIMA in a number of ways.

## II.    SH&E's Motion to Dismiss

### A.    Legal Standard

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*,

197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B.   Choice of Law

SH&E argues that the court should apply New York law as the substantive law governing Al-Anwa's claims, because New York has the most significant relationship to this dispute.  It argues that any injury to Al-Anwa occurred in New York, and that Al-Anwa pleads that the representations made by SH&E were made in New York.  New York was where representatives of Al-Anwa and SH&E first met, and SH&E's principal place of business is in New York.  SH&E contends that it has no relationship with Texas at all.

Al-Anwa contends that Texas law governs its claims, and that because SH&E moved only pursuant to New York law, if the court determines that Texas law applies, it should simply deny the motion to dismiss. Al-Anwa argues that SH&E located, recommended, and vouched for KACC, a Texas corporation with its principal place of business in Texas, and that the primary misrepresentations made by SH&E concerned KACC. It further argues that SH&E was primarily responsible for negotiating the contract between it and KACC, which contains both Texas choice-of-law and choice-of-forum provisions. It also argues that SH&E must deem the New York contacts insignificant because it has not moved to transfer the action or challenge this venue.

The Texas Supreme Court has adopted the "most significant relationship" analysis as set forth in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 420-21 (Tex. 1984). Both Al-Anwa and SH&E agree that under Texas law, the court should apply this analysis. Section 145 of the Restatement (Second) of Conflict of Laws sets forth the following factors to consider:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>   (a) the place where the injury occurred,
>   (b) the place where the conduct causing the injury occurred,
>   (c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and
>   (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws § 145.

The court has reviewed the parties' arguments and the factors under the "most significant relationship" test, and it concludes that the law of New York should apply to Al-Anwa's claims. Al-Anwa's argument is essentially that Texas law should apply because that is the chosen law of the CCAIMA, a contract it alleges that SH&E negotiated on its behalf. This argument is specious, as SH&E is not bound by this contract. The only contacts relevant to the third-party claims are those between SH&E, a Delaware corporation with a principal place of business in New York, and Al-Anwa, a foreign corporation with a principal place of business in the Kingdom of Saudi Arabia. There is no allegation that SH&E had any contact with Texas at all. It met with Al-Anwa in New York and Saudi Arabia. The SH&E Agreement has no provision for a choice of law or forum.

Taking these contacts into consideration, the court determines that New York has the most significant relationship to the dispute between Al-Anwa and SH&E. Accordingly, New York law applies to these claims, and the court will consider SH&E's arguments to dismiss them.

**C.     Al-Anwa's Claims**

**1.     Breach of the Implied Duty of Good Faith and Fair Dealing**

SH&E argues that Al-Anwa's claim for breach of the implied duty of good faith and fair dealing should be dismissed because it is not a cause of action separate from its breach of contract claim. It argues that Al-Anwa's allegations stem from the written agreements between the parties. SH&E also argues that Al-Anwa cannot plead a common law claim for breach of the implied duty of good faith and fair dealing because there are no allegations that it defrauded the general public.

Al-Anwa concedes that if New York law applies, this claim should be dismissed as duplicative of its breach of contract claim, but reserves its right to replead its breach of contract claim to expressly include breaches of the implied duty of good faith and fair dealing. Accordingly,

**Memorandum Opinion and Order – Page 7**

the court **dismisses with prejudice** Al-Anwa's claim for breach of the implied duty of good faith and fair dealing. As Al-Anwa has not requested leave to replead, the court does not address this issue at this time.

### 2.     Unjust Enrichment

SH&E argues that Al-Anwa's claim for unjust enrichment must also be dismissed because there is an express agreement between the parties and therefore this quasi-contract claim is preempted. Al-Anwa concedes that under New York law, this claim should also be dismissed since SH&E has not challenged the validity of the SH&E Agreement. Accordingly, the court **dismisses with prejudice** Al-Anwa's claim for unjust enrichment.

### 3.     Breach of Fiduciary Duty

SH&E moves to dismiss Al-Anwa's claim for breach of fiduciary duty because it contends they did not have a fiduciary relationship. It argues that the parties are sophisticated businesses that agreed to an arm's-length transaction.

Al-Anwa responds that the facts support a finding that the parties had a fiduciary relationship, including that: SH&E touted its experience as an aviation consultant; it was retained to provide advisory and management services; it had specific tasks regarding developing the refurbishment plan and negotiating contracts; it located and recommended KACC; it was responsible for locating and overseeing a vendor to complete the D-Check; and it was involved as a consultant to replace the damaged engine. Further, Al-Anwa argues that determining if a fiduciary relationship exists is a fact-intensive inquiry that is inappropriate at the motion to dismiss stage.

Under New York law, the elements of a breach of fiduciary duty claim are: (1) the existence of a fiduciary relationship between the parties, and (2) breach of that fiduciary duty. *Cramer v.*

*Devon Group, Inc.*, 774 F. Supp. 176, 184 (S.D.N.Y. 1991). "A fiduciary relation exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Scott v. Dime Sav. Bank of New York, FSB*, 886 F. Supp. 1073, 1078 (S.D.N.Y. 1995) (quoting *Mandelblatt v. Devon Stores, Inc.*, 132 A.D.2d 162 (N.Y. 1st Dep't 1987)).

The court has reviewed the parties' arguments and cited cases, and determines that Al-Anwa has sufficiently pleaded a fiduciary relationship to state a claim upon which relief can be granted. The court finds that, as pleaded by Al-Anwa, SH&E agreed to act as more than a finder and essentially acted as a broker. "The finder is required to introduce and bring the parties together, without any obligation or power to negotiate the transaction . . . . [T]he broker must ordinarily also bring the parties to agreement . . . [and] this carries a defined fiduciary duty to act in the best and most involved interests of the principal." *Northeast Gen. Corp. v. Wellington Adver.*, 82 N.Y.2d 158, 163 (1993). Al-Anwa has alleged that SH&E was hired to find vendors and negotiate contracts on its behalf. It also had responsibility to develop and oversee the plans of work for refurbishment and the D-Check. Accordingly, taking the facts in the light most favorable to Al-Anwa, it has stated a claim for breach of fiduciary duty.

### 4.   Negligence and Negligent Misrepresentation

SH&E argues that Al-Anwa's claims for negligence and negligent misrepresentation should be dismissed because Al-Anwa suffered only economic loss. It also contends that there is no duty beyond the parties' agreement.

Al-Anwa responds that SH&E owed it duties beyond the SH&E Agreement because they had a special relationship. It also argues that SH&E made misrepresentations before the SH&E

Agreement was executed; that SH&E was negligent with respect to the replacement of the Aircraft engine, which was not a part of the SH&E Agreement; and that the economic loss rule does not apply because Al-Anwa alleges property damage to the Aircraft that is distinct from its contract damages. "New York's economic loss rule restricts plaintiffs who have suffered economic loss, but not personal or property injury, to an action for the benefit of their bargain. If the damages are the type remedial in contract, a plaintiff may not recover in tort." *Orlando v. Novurania of America, Inc.*, 162 F. Supp. 2d 220, 225 (S.D.N.Y. 2001) (internal quotations and citations omitted). New York courts have found a "duty to speak with care" where "the relationship of the parties, arising *out of contract or otherwise*, is such that in morals and good conscience that one has the right to rely upon the other for information." *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996) (emphasis added) (internal quotations, citations, and brackets omitted).

Al-Anwa has alleged that SH&E made misrepresentations before their agreement was signed, that the parties' relationship was such that it relied upon SH&E, that SH&E damaged the replacement engine, and that SH&E's actions have caused property damage to the Aircraft. The court finds that the economic loss rule does not apply. The court determines that this is sufficient to state a claim upon which relief can be granted, and the court denies SH&E's motion to dismiss this claim.

### 5.   **Punitive and Exemplary Damages**

If the court allows Al-Anwa tort claims, SH&E moves to dismiss its request for punitive and exemplary damages. SH&E argues that such damages are only available if a plaintiff can show that misconduct was aimed at the public generally. Al-Anwa responds that SH&E's cases relate to those in which litigants seek punitive and exemplary damages for a breach of contract, and it does not seek

such damages. It contends that it can recover punitive and exemplary damages on its tort claims without a showing of harm to the public.

Under New York law, a court may limit punitive damages for torts that arise from a related contract claim. "To recover punitive damages for a tort claim that arises from a related contract claim, a plaintiff must demonstrate that the alleged misconduct was aimed at the public generally and that the misconduct evinced a high degree of moral turpitude such as to imply a criminal indifference to civic obligations." *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 247 (S.D.N.Y. 2006). This rule does not apply if there is an allegation of a breach of a duty outside the scope of the contract. "New York courts have clarified that the 'public harm' requirement need not be satisfied where a legal duty independent of the contract itself has been violated. This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract." *CSI Inv. Partners v. Cendant Corp.*, 507 F. Supp. 2d 384, 427 (S.D.N.Y. 2007).

Because the court has determined that Al-Anwa has pleaded allegations that give rise to tort claims beyond the breach of the SH&E Agreement, it holds that the public harm rule does not apply to Al-Anwa's remaining tort claims, and it will not dismiss Al-Anwa's requests for exemplary and punitive damages.

    **6.**  **Civil Conspiracy**

Finally, SH&E moves to dismiss Al-Anwa's claim for civil conspiracy. It argues that New York does not recognize an independent cause of action for this claim, and the claim must be dismissed if the underlying torts have not been adequately pleaded. Al-Anwa responds that it has adequately pleaded underlying torts. As the court has determined that Al-Anwa's negligence claims

and breach of fiduciary duty claim state claims upon which relief can be granted, it holds that there are underlying torts and therefore Al-Anwa may assert its civil conspiracy claim.

### 7. Breach of Contract

SH&E does not move to dismiss Al-Anwa's claim for breach of contract against it. In a footnote in a discussion of the second claim, SH&E asserts that Al-Anwa is precluded from recovering damages based on Al-Anwa's contract with KACC. Al-Anwa has a lengthy response to this footnote, but as SH&E has not moved to dismiss the breach of contract claim, and the parties agree that the claim for breach of the implied duty of good faith and fair dealing should be dismissed, the court does not rule on this issue.

## III. Motions for Leave to Amend

### A. Legal Standard

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters., L.L.C.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the

explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).

### B. Amended Complaint

KACC seeks leave to file an amended complaint based upon information obtained during the expedited discovery allowed before the preliminary injunction hearing. Al-Anwa opposes the motion and argues that KACC's request to add a claim for promissory estoppel is futile. Al-Anwa argues that the CCAIMA, the written agreement between the parties, includes provisions for additional work requests, and therefore KACC could not have reasonably relied on any promises by Al-Anwa to change the scope of the work. KACC replies that it is entitled to plead alternative theories.

The court determines that KACC is entitled to plead alternative theories, even if they are inconsistent. Fed. R. Civ. P. 8(e). While KACC will be unable to prevail on both contract and promissory estoppel theories, its proposed amended complaint is not futile. The court has considered the four factors and determines that there is good cause to allow KACC leave to amend its complaint and **grants** Plaintiff KACC's Motion for Leave to File an Amended Complaint. KACC is **directed** to file its Amended Complaint within **three business days** of this order.

### C. Amended Answer

KACC also seeks leave to file an amended answer. The motion is unopposed, and the court has considered the four required factors. Accordingly, the court determines that there is good cause to allow KACC to amend its answer. The court **grants** Plaintiff KACC's Motion for Leave to File

an Amended Answer and **directs** KACC to file its Amended Answer within **three business days** of this order.

IV.     **Conclusion**

For the reasons stated herein, the court **grants in part** and **denies in part** Third-Party Defendant Simat, Helliesen & Eichner, Inc. a/k/a SH&E, Inc.'s Rule 12(b)(6) Motion to Dismiss; **grants** Plaintiff KACC's Motion for Leave to File an Amended Complaint; and **grants** Plaintiff KACC's Motion for Leave to File an Amended Answer.  The court **dismisses** the following claims **with prejudice**:  Al-Anwa's claim of breach of the implied duty of good faith and fair dealing against SH&E; and Al-Anwa's claim of unjust enrichment against SH&E.

**It is so ordered** this 25th day of March, 2009.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge