IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KING AEROSPACE COMMERCIAL** § | |
| **CORPORATION, INC.,** § | |
| § | |
| Plaintiff/Counterclaim Defendant, § | |
| § | Civil Action No. **3:08-CV-0999-L** |
| v. § | |
| § | |
| **AL-ANWA AVIATION, INC., a/k/a** § | |
| **AL-ANWA TRADING AND** § | |
| **CONTRACTING ESTABLISHMENT**, § | |
| § | |
| Defendant/Counterclaim and § | |
| Third-Party Plaintiff, § | |
| § | |
| v. § | |
| § | |
| **SIMAT, HELLIESEN & EICHNER, INC.,** § | |
| **a/k/a SH&E, INC.,** § | |
| § | |
| Third-Party Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are:  (1) Plaintiff King Aerospace Commercial Corporation's Motion for

Partial Summary Judgment, filed June 10, 2009; (2) Al-Anwa's Cross-Motion for Additional

Discovery under Rule 56(f), filed July 21, 2009; (3) Plaintiff King Aerospace Commercial

Corporation's Objections to Al-Anwa's Summary Judgment Evidence, filed September 9, 2009; and

(4) Defendant/Counterclaim and Third-Party Plaintiff Al-Anwa Aviation, Inc.'s, a/k/a Al-Anwa

Trading and Contracting Establishment, Objections to Plaintiff/Counterclaim Defendant King

Aerospace Commercial Corporation's Summary Judgment Evidence, filed October 8, 2009.  After

carefully considering the motions, briefs, record, and applicable law, the court **grants in part** and

**denies in part** Plaintiff King Aerospace Commercial Corporation's Motion for Partial Summary

Judgment; **denies** Al-Anwa's Cross-Motion for Additional Discovery under Rule 56(f); **overrules** Plaintiff King Aerospace Commercial Corporation's Objections to Al-Anwa's Summary Judgment Evidence; and **overrules** Defendant/Counterclaim and Third-Party Plaintiff Al-Anwa Aviation, Inc.'s, a/k/a Al-Anwa Trading and Contracting Establishment, Objections to Plaintiff/Counterclaim Defendant King Aerospace Commercial Corporation's Summary Judgment Evidence.

## I.    Factual and Procedural Background

Plaintiff and Counterclaim Defendant King Aerospace Commercial Corporation, Inc. ("KACC") filed its Original Petition in the 116th Judicial District Court, Dallas County, Texas, on May 23, 2008.  KACC brought this action against Defendant and Counterclaim and Third-Party Plaintiff Al-Anwa Aviation, Inc. a/k/a Al-Anwa Trading and Contracting Establishment ("Al-Anwa") alleging claims of breach of contract, quantum meruit, and unjust enrichment.  Al-Anwa removed the case to this court on June 13, 2008, and on June 20, 2008, it filed counterclaims and a third-party complaint against KACC and Third-Party Defendant Simat, Helliesen & Eichner, Inc. a/k/a SH&E, Inc. ("SH&E").  Al-Anwa asserts claims of breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, negligence, gross negligence, negligent misrepresentation, and civil conspiracy against SH&E.  Al-Anwa has brought claims of breach of contract, unjust enrichment, conversion, aiding and abetting, and civil conspiracy against KACC, and it seeks a declaratory judgment and injunctive relief.  KACC amended its complaint on March 26, 2009, and now asserts only claims of breach of contract and promissory estoppel against Al-Anwa.

The parties hotly contest the facts in this case, but the court will set forth those facts that are undisputed.  KACC and Al-Anwa entered into the Commercial Corporation Aircraft Interior

Modification Agreement (the "CCAIMA") in mid-December 2007.  The CCAIMA relates to the refurbishment of the interior of a Lockheed aircraft, Model Number L1011-500, Serial Number 1247, ICAO Registration Number HZ-AB1 (the "Aircraft").  Pursuant to the CCAIMA, Al-Anwa agreed to pay KACC $11,700,000 for the refurbishment of the Aircraft.

The CCAIMA set forth the following payment schedule:  10% of the base price to be paid upon execution of the agreement (the "Initial Payment"); 20% of the base price to be paid on or before the date the Aircraft was delivered to KACC (the "Delivery Payment"); 20% of the base price to be paid upon removal of the interior of the Aircraft (the "Interior Payment"); 10% of the base price to be paid upon completion of the gallery prep; 10% of the base price to be paid upon beginning the cabin and component reinstallation; 10% of the base price to be paid upon completion of the gallery reinstallation; 10% of the base price to be paid upon the interior reinstallation phase, and the remaining balance to be due upon the completion date.  Al-Anwa paid 10% on or about December 16, 2007, and paid an additional 20% on or about January 26, 2008, after the Aircraft was delivered to KACC.  Accordingly, Al-Anwa has now paid KACC $3,510,000, or 30% of the base price.

The parties agree that Al-Anwa executed the CCAIMA on December 18, 2007, and made the Initial Payment on December 19, 2007.  It is also undisputed that Al-Anwa delivered the Aircraft to KACC on January 15, 2008, and that it made the Delivery Payment on January 31, 2008.  What happened next is contested, but the parties agree that Al-Anwa never made the Interior Payment or any other payment and that it has paid $3,510,000 to KACC pursuant to the CCAIMA.  KACC contends that it performed the contract and removed the interior of the Aircraft and that Al-Anwa

breached the contract by failing to pay the Interior Payment.  Al-Anwa argues that KACC breached the CCAIMA so it withheld the Interior Payment and is entitled to restitution.

KACC has moved for summary judgment, seeking judgment in its favor on its breach of contract claim and its claim for attorney's fees.  KACC also seeks summary judgment in its favor with respect to certain of Al-Anwa's affirmative defenses, including laches, unclean hands, unjust enrichment, fraudulent inducement, and "remedies limited by terms of the agreement."  Finally, KACC seeks summary judgment on certain of Al-Anwa's counterclaims against it, including unjust enrichment, declaratory judgment, and civil conspiracy.  Al-Anwa has filed a countermotion seeking additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  Both KACC and Al-Anwa have filed objections to certain evidence submitted by the other party in support of its position.

## II.    Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).  Further, a court "may not

make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## III.     Analysis

KACC moves for summary judgment on its breach of contract claim and certain of Al-Anwa's affirmative defenses and counterclaims.  Al-Anwa opposes KACC's motion, contends that additional discovery is necessary pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, and argues that its evidence is admissible.  Both parties have filed objections to the submitted summary judgment evidence.

### A.     Al-Anwa's Motion for Additional Discovery

Before reaching the merits of KACC's motion for summary judgment, the court considers Al-Anwa's request for additional discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  KACC opposes the motion.

A party may raise the issue of inadequate discovery to respond to a motion for summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.  To succeed on such a motion,

> a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence.  The non-moving party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment.  If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.

*Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 720-21 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000) (internal citations and quotations omitted).

The court has reviewed the parties' contentions and determines that Al-Anwa has failed to satisfy Rule 56(f).  Although it complains that no depositions have been taken and that it has not received documents pursuant to some subpoenas, it fails to explain what additional discovery is

necessary or what evidence it believes would be discovered that would raise a genuine issue of material fact. Moreover, in light of the court's subsequent rulings herein, as a matter of law Al-Anwa suffers no legal prejudice. Accordingly, the court **denies** Al-Anwa's Cross-Motion for Additional Discovery under Rule 56(f).

### B.     KACC's Breach of Contract Claim

KACC moves for summary judgment on its breach of contract claim against Al-Anwa. It contends that it performed pursuant to the CCAIMA, but that Al-Anwa breached that agreement by failing to provide required documentation and by failing to make the Interior Payment. KACC seeks damages for these breaches and also argues that it is entitled to attorney's fees. Al-Anwa responds that summary judgment in favor in KACC is inappropriate because KACC first breached the CCAIMA. It also asks the court to rule that this motion be deemed KACC's only summary judgment motion pursuant to Local Rule 56.2.

Before reaching the substantive arguments, the court first addresses Al-Anwa's argument regarding Local Rule 56.2. Al-Anwa is correct that Local Rule 56.2 provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." Accordingly, KACC has filed its summary judgment motion, and it may not file another motion for summary judgment without leave of court. The court will not now rule on the issue of whether KACC may file a successive summary judgment motion because that issue is not ripe for decision. If KACC seeks leave to file such a motion, the court will consider the parties' arguments at that time.

Under Texas law, the essential elements for a breach of contract claim are: (1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and

(4) damages sustained by the plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007). In this case, the parties agree that the first element is satisfied and both contend that the CCAIMA is a valid contract. Their dispute is a disagreement as to which party first breached the CCAIMA.

KACC contends that summary judgment in its favor is proper because Al-Anwa breached the CCAIMA by failing to provide required documentation and by failing to make the Interior Payment. Al-Anwa argues that KACC first breached the CCAIMA by: its intent to use third parties to perform work on the Aircraft; its failure to have a space available in a hangar upon the arrival of the Aircraft; its misrepresentation that it had the expertise to perform the contract and its failure to recognize that it had the necessary documentation to remove the Aircraft's interior; and its failure to execute a confidentiality agreement with Lockheed Martin to secure the release of documents to perform the contract.

### 1.    Aircraft Documentation

The court considers first KACC's argument that Al-Anwa breached the CCAIMA by failing to provide documentation that was necessary to perform the contract work. It cites a letter from its attorney to Al-Anwa on February 11, 2008, requesting additional data and documentation that it contended was necessary to perform the contract. On May 7, 2008, KACC again wrote to Al-Anwa and stated that Al-Anwa was in breach of the CCAIMA. The next day, KACC wrote to Al-Anwa and stated that it was in default of the CCAIMA.

Al-Anwa argues in response that KACC was in possession of the documents necessary to complete the work of removing the interior of the Aircraft because that information was included in the Aircraft Maintenance Manual, which was in KACC's possession upon delivery of the Aircraft.

It further argues that KACC was able to actually remove the interior pursuant to the documents in its possession.[*]

The court determines that there is a genuine issue of material fact with respect to whether Al-Anwa breached the CCAIMA by failing to provide documents to KACC.  The parties have provided competing affidavits, and the court cannot make credibility determinations at summary judgment to resolve this dispute.  Accordingly, the court finds that summary judgment is not appropriate on KACC's motion with respect to Al-Anwa's alleged breach of the CCAIMA for failure to provide documentation.

### 2.    Interior Payment

The court next considers KACC's argument that it is entitled to summary judgment because Al-Anwa breached the CCAIMA by not making the Interior Payment.  It is undisputed that Al-Anwa did not make this payment.  KACC argues that it removed the interior of the Aircraft and was due the payment under the CCAIMA.  Al-Anwa responds that KACC first breached the agreement.  Because the court has already determined that there is a genuine issue of material fact with respect to documentation, it finds that this issue cannot be resolved on summary judgment, because whether Al-Anwa's failure to make the Interior Payment was excused depends on whom first breached the CCAIMA.  There is at least a dispute as to whom breached first with respect to the documentation issue; accordingly, the court cannot grant summary judgment in favor of KACC on this issue at this time. The court therefore denies KACC's motion for summary judgment with respect to its breach of contract claim.

---

[*]With its reply, KACC has submitted additional evidence.  The court will not consider this evidence, to which Al-Anwa has not had a chance to respond.

### C.      Al-Anwa's Affirmative Defenses

KACC also moves for summary judgment of Al-Anwa's affirmative defenses of laches, unclean hands, unjust enrichment, fraudulent inducement, and "remedies limited by terms of the agreement."   Al-Anwa argues that KACC is not entitled to summary judgment on any of these defenses.

### 1.      Laches

KACC argues that laches is not an affirmative defense to contract claims and therefore summary judgment on this defense is appropriate.  It contends that this is only a defense to equitable claims.  Al-Anwa does not dispute that laches is not a defense to a contract claim, but argues that it is a defense to KACC's equitable claim of promissory estoppel.  In reply, KACC asks the court to rule that the laches defense does not defend against its breach of contract claim.

The court determines that Al-Anwa may not assert the affirmative defense of laches to KACC's breach of contract claim.  *F.D.I.C. v. Fuller*, 994 F.2d 223, 224 (5th Cir. 1993).  This defense, however, may be asserted against KACC's equitable claim for promissory estoppel claim. The court therefore finds that Al-Anwa's laches defense, as a matter of law, cannot be asserted as a defense to KACC's beach of contract claim.

### 2.      Unclean Hands

KACC moves for summary judgment on Al-Anwa's defense of unclean hands because it contends this defense is a bar to the equitable defense of specific performance, for which it has not pleaded.   Al-Anwa responds that unclean hands is a defense to equitable claims, including promissory estoppel.  In reply, KACC asks the court to grant summary judgment on this defense as to its breach of contract claim.

The court determines that unclean hands may be raised as an affirmative defense to a promissory estoppel claim. *Preload Tech., Inc. v. A.B.&J. Const. Co.*, 696 F.2d 1080, 1090-91 (5th Cir. 1983). There is no authority cited by the parties, however, to support this defense as a defense to a breach of contract claim. Accordingly, the court finds that Al-Anwa's unclean hands defense, as a matter of law, cannot be asserted as a defense to KACC's beach of contract claim.

### 3.      Unjust Enrichment

Next, KACC moves for summary judgment on Al-Anwa's affirmative defense of unjust enrichment. It contends that this defense does not apply where a valid contract exists. Al-Anwa responds that this argument goes to the election of remedies and that inconsistent pleading is permitted under the Federal Rules of Civil Procedure. It also points out that the court ruled that KACC could plead inconsistent theories when it allowed KACC to amend its complaint and assert both a breach of contract claim and promissory estoppel. In reply, KACC asks the court to grant summary judgment on this defense as to its breach of contract claim.

The court determines that unjust enrichment is not a defense to KACC's breach of contract claim. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). It may be a defense to KACC's equitable claim of promissory estoppel, and the court has already determined that KACC may plead inconsistent theories. Accordingly, the court finds that Al-Anwa's unjust enrichment defense, as a matter of law, cannot be asserted as a defense to KACC's beach of contract claim.

### 4.       Fraudulent Inducement

The court next considers KACC's argument that summary judgment on Al-Anwa's fraudulent inducement defense is appropriate.  It argues that this defense is barred by the merger clause of the CCAIMA, which provides:   "All prior negotiations, discussions, agreements and representations are merged into and superseded by this Agreement and the First Modification Agreement which embodies the entire agreement between [Al-Anwa] and KACC and which may not be amended or altered except in writing signed by both parties."  CCAIMA § 3.1.  KACC cites *U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 402-03 (5th Cir. 2000), and argues that it holds that a merger clause negates a fraudulent inducement claim.

Al-Anwa contends that to succeed on this argument, KACC must offer evidence regarding "whether the complaining party was represented by counsel, whether the parties dealt with each other at arms length, whether the parties were knowledgeable in business matters, and whether the release language was clear."  *Garza v. CTX Mortg. Co.*, 285 S.W.3d 919, 927 (Tex. App. – Dallas 2009, no pet.) (citing *Forest Oil Corp. v. McAllen*, 263 S.W.3d 51, 60 (Tex. 2008); *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181-82 (Tex. 1997).  It contends that KACC has failed to offer proof on these issues.  It also argues that the merger claim is boilerplate and that merger clauses in settlement documents have a greater preclusive effect.

The court determines that summary judgment on this defense is not appropriate at this time. Although it is clear that the merger clause may bar the defense, the Texas Supreme Court has held that the court must examine the totality of the circumstances to determine if such a provision is binding.  While KACC provides some evidence in support with its reply, because Al-Anwa has not had a chance to respond to it, the court will not consider it.  Accordingly, it determines that there

is a genuine issue of material fact with respect to whether Al-Anwa's fraudulent inducement defense is barred by the merger provision of the CCAIMA.

### 5.    "Remedies Limited by Terms of the Agreement"

Finally, the court considers KACC's challenge to Al-Anwa's defense that its remedies are limited by the terms of the CCAIMA.  KACC cites section 3.22(c) of the agreement that provides that a nondefaulting party may proceed "by appropriate court action or actions, either at law or in equity to enforce performance by the breaching party of the applicable covenants of this Agreement and to recover damage for the breach thereof . . . ."

Al-Anwa responds that KACC's claims are not limited to its breach of contract claim and argues that KACC could not have reasonably relied upon any promise by Al-Anwa regarding work beyond the scope of the contract.  It points to the Additional Work Requests provisions of the CCAIMA and contends that no AWR was signed to authorize any additional work under the agreement.  In reply, KACC asks the court to grant summary judgment on this defense as to its breach of contract claim.

The court finds that this affirmative defense fails with respect to the breach of contract claim, but that Al-Anwa may assert it against the promissory estoppel claim.  Accordingly, the court finds that Al-Anwa's limited contractual remedies defense, as a matter of law, cannot be asserted as a defense to KACC's beach of contract claim.

### D.    Al-Anwa's Counterclaims

The court now considers KACC's challenges to three of Al-Anwa's counterclaims.  It has moved for summary judgment on Al-Anwa's claims for unjust enrichment, declaratory judgment, and civil conspiracy.  Al-Anwa responds that summary judgment is appropriate on its claims for

unjust enrichment, declaratory judgment, and civil conspiracy founded on gross negligence.  It contends that KACC did not seek summary judgment as to its civil conspiracy claim relating to breach of fiduciary duty and that this claim should not be dismissed.  Based upon Al-Anwa's concession, the court determines that there is no genuine issue of material fact with respect to Al-Anwa's claims for unjust enrichment, declaratory judgment, and civil conspiracy founded on gross negligence, and therefore summary judgment of these claims is therefore appropriate.  Al-Anwa's counterclaim for civil conspiracy for breach of fiduciary duty will not be dismissed.

### E.    Objections to Summary Judgment Evidence

Both KACC and Al-Anwa filed objections to summary judgment evidence.  KACC objects to the Barrage Declaration submitted with Al-Anwa's response, including many of the documents attached to that declaration.  It also objects to the Berube Declaration, which it contends simply repeats many of the arguments made by Al-Anwa in its motion for additional discovery.  Al-Anwa objects to KACC's Supplemental Appendix filed with its reply and to certain exhibits attached to the Weaver Affidavit.

The court has not relied upon the evidence KACC filed with its reply or much of the Barrage Declaration.  The court **overrules** KACC's objections to the Barrage Declaration with respect to the statements about documentation in the Aircraft at delivery and, as explained above, determines that the parties' disagreement on this point creates a genuine issue of material fact.  The court **overrules as moot** the remaining objections raised by KACC and Al-Anwa because they are related to issues not reached by the court at this time.

## IV.       Conclusion

For the reasons stated herein, the court **grants in part** and **denies in part** Plaintiff King Aerospace Commercial Corporation's Motion for Partial Summary Judgment.  Specifically, the court **grants** the motion with respect to Al-Anwa's affirmative defenses of laches, unclean hands, unjust enrichment, and limited contractual remedies with respect to KACC's breach of contract claim, and Al-Anwa's counterclaims for unjust enrichment, declaratory judgment, and civil conspiracy for gross negligence.  The court **denies** the motion for summary judgment with respect to KACC's breach of contract claim, Al-Anwa's affirmative defense of fraudulent inducement, and Al-Anwa's counterclaim for civil conspiracy for breach of fiduciary duty.  The court **denies** Al-Anwa's Cross-Motion for Additional Discovery under Rule 56(f); **overrules** Plaintiff King Aerospace Commercial Corporation's Objections to Al-Anwa's Summary Judgment Evidence; and **overrules** Defendant/Counterclaim and Third-Party Plaintiff Al-Anwa Aviation, Inc.'s, a/k/a Al-Anwa Trading and Contracting Establishment, Objections to Plaintiff/Counterclaim Defendant King Aerospace Commercial Corporation's Summary Judgment Evidence.  The court **dismisses with prejudice** Al-Anwa's affirmative defenses of laches, unclean hands, unjust enrichment, and limited contractual remedies with respect to KACC's breach of contract claim.  The court also **dismisses with prejudice** Al-Anwa's counterclaims for unjust enrichment, declaratory judgment, and civil conspiracy founded on gross negligence.

**It is so ordered** this 21st day of January, 2010.

Sam A. Lindsay
United States District Judge