IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KING AEROSPACE COMMERCIAL CORPORATION, INC.,** | § § § § § | |
| Plaintiff/Counterclaim Defendant, | § § | |
| v. | § | Civil Action No. **3:08-CV-0999-L** |
| **AL-ANWA AVIATION, INC., a/k/a AL-ANWA TRADING AND CONTRACTING ESTABLISHMENT**, | § § § § § § | |
| Defendant/Counterclaim and Third-Party Plaintiff, | § § § | |
| v. | § § | |
| **SIMAT, HELLIESEN & EICHNER, INC.,** a/k/a SH&E, INC., | § § § § | |
| Third-Party Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Plaintiff KACC's Motion for Reconsideration of Summary Judgment Ruling, filed February 1, 2010; and (2) Motion of Defendant/Counterclaim and Third-Party Plaintiff Al-Anwa Aviation Inc., a/k/a Al-Anwa Trading and Contracting Establishment, for Leave to Amend its Complaint, filed April 9, 2010. After carefully considering the motions, briefs, record, and applicable law, the court **denies** Plaintiff KACC's Motion for Reconsideration of Summary Judgment Ruling, and **denies** Motion of Defendant/Counterclaim and Third-Party Plaintiff Al-Anwa Aviation Inc., a/k/a Al-Anwa Trading and Contracting Establishment, for Leave to Amend its Complaint.

**Memorandum Opinion and Order – Page 1**

I.      **Procedural and Factual Background**

Plaintiff and Counterclaim Defendant King Aerospace Commercial Corporation, Inc. ("KACC") filed its Original Petition in the 116th Judicial District Court, Dallas County, Texas, on May 23, 2008.  KACC brought this action against Defendant and Counterclaim and Third-Party Plaintiff Al-Anwa Aviation, Inc. a/k/a Al-Anwa Trading and Contracting Establishment ("Al-Anwa") alleging claims of breach of contract, quantum meruit, and unjust enrichment.  Al-Anwa removed the case to this court on June 13, 2008, and on June 20, 2008, it filed counterclaims and a third-party complaint against KACC and Third-Party Defendant Simat, Helliesen & Eichner, Inc. a/k/a SH&E, Inc. ("SH&E").  Al-Anwa asserts claims of breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, breach of fiduciary duty, negligence, gross negligence, negligent misrepresentation, and civil conspiracy against SH&E.  Al-Anwa has brought claims of breach of contract, unjust enrichment, conversion, aiding and abetting, and civil conspiracy against KACC, and it seeks a declaratory judgment and injunctive relief.  KACC amended its complaint on March 26, 2009, and now asserts only claims of breach of contract and promissory estoppel against Al-Anwa.

KACC moved for summary judgment on June 10, 2009.  It sought summary judgment in its favor on its breach of contract claim and its claim for attorney's fees; it also sought summary judgment in its favor with respect to certain of Al-Anwa's affirmative defenses, including laches, unclean hands, unjust enrichment, fraudulent inducement, and "remedies limited by terms of the agreement."  Finally, KACC sought summary judgment on certain of Al-Anwa's counterclaims against it, including unjust enrichment, declaratory judgment, and civil conspiracy.  The court granted in part and denied in part KACC's motion.  It dismissed with prejudice Al-Anwa's

affirmative defenses of laches, unclean hands, unjust enrichment, and limited contractual remedies with respect to KACC's breach of contract claim. The court also dismissed with prejudice Al-Anwa's counterclaims for unjust enrichment, declaratory judgment, and civil conspiracy founded on gross negligence.

KACC moved for reconsideration of the court's determination that there was a genuine issue of material fact with respect to its breach of contract claim for Al-Anwa's failure to make the Interior Payment pursuant to the Commercial Corporation Aircraft Interior Modification Agreement (the "CCAIMA"), the contract at the heart of the parties' dispute. It contends that the court should reconsider its decision and grant summary judgment in its favor on this claim.

Also pending is Al-Anwa's motion for leave to amend its counterclaim and third-party complaint. It contends that there is good cause to allow it to amend and clarify its current pleading because it only recently learned of certain facts through expert discovery. It argues that allowing amendment would facilitate discovery and would not prejudice KACC or SH&E. Both KACC and SH&E oppose Al-Anwa's motion for leave to amend.

## II.   Motion for Reconsideration

The court first considers KACC's motion for reconsideration of the court's January 21, 2010 memorandum opinion and order. KACC argues that the court should reconsider its conclusion that "a genuine issue of material fact exists with respect to KACC's breach of contract claim for Al-Anwa's failure to make the Interior Payment." Mot. for Reconsideration 1. KACC contends that it terminated the CCAIMA after the interior of the aircraft at issue in this case was removed and that it is undisputed that Al-Anwa failed to make the Interior Payment. It notes that the court stated that there was a fact issue with respect to this claim because another issue could not be resolved on

summary judgment – the issue of whether Al-Anwa provided documents to KACC pursuant to its obligations under the CCAIMA. KACC argues that the documentation issue should have no effect on the court's resolution of the Interior Payment issue.

Al-Anwa responds that KACC has simply repeated the arguments it made in its summary judgment briefing and that it has failed to address the court's findings with respect to this issue. It contends that the court specifically addressed KACC's arguments and found that there was a dispute as to which party first breached the CCAIMA, an issue which precluded summary judgment on the Interior Payment issue. KACC did not file a reply.

The court has reviewed the parties' arguments and its January 21, 2010 memorandum opinion and order. It agrees with Al-Anwa; the arguments advanced by KACC in its motion for reconsideration were raised in the summary judgment briefing and rejected by the court. The court held that there is a fact issue with respect to which party first breached the CCAIMA and therefore there is also a fact issue with respect to the breach of contract claim regarding the Interior Payment:

> It is undisputed that Al-Anwa did make [the Interior Payment]. KACC argues that it removed the interior of the Aircraft and was due the payment under the CCAIMA. Al-Anwa responds that KACC first breached the agreement. Because the court has already determined that there is a genuine issue of material fact with respect to documentation, it finds that this issue cannot be resolved on summary judgment, because whether Al-Anwa's failure to make the Interior Payment was excused depends on whom first breached the CCAIMA. There is at least a dispute as to whom breached first with respect to the documentation issue . . . .

Mem. Op. and Order (Jan. 21, 2010) 9. Accordingly, summary judgment on the Interior Payment claim is improper while there are existing fact issues as to whom breached first. The court therefore will not reconsider its January 21, 2010 memorandum opinion and order and will deny KACC's motion for reconsideration.

**Memorandum Opinion and Order – Page 4**

**III.     Motion for Leave to Amend**

   **A.     Legal Standard**

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, Al-Anwa must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

   **B.     Analysis**

Al-Anwa seeks leave to amend its counterclaims and third-party claims. Specifically, it states that it seeks leave to amend to:

> (i) add factual allegations regarding its *existing* claims, which were only recently brought to light during its experts' review of the evidence; (ii) clarify the specific provisions of the [CCAIMA] upon which it founds its *existing* breach of contract claim against [KACC] and the facts relating thereto; (iii) make clear that its *existing* breach of contract claim against [SH&E] includes an allegation of a breach

**Memorandum Opinion and Order – Page 5**

> of the covenant of good faith and fair dealing inherent in every contract under New York law; (iv) amend the existing breach of fiduciary duty claim against SH&E to clarify that it can be premised on negligent and/or reckless conduct; and (v) clarify the previously disclosed damages it seeks in this action.

Al-Anwa's Mot. for Leave to Amend (doc. 123) 1-2 (original emphasis) (footnote omitted). Al-Anwa argues that there is good cause to allow it to amend its pleading and that it has satisfied the Rule 16 standard. It contends that it only recently learned of some of the factual allegations it wishes to add and that the other parties were on notice of its intent to seek the additional amendments. Al-Anwa further argues that its proposed amendment is important because it would facilitate discovery. Finally, it contends that amendment will not prejudice KACC or SH&E because it is not adding any new claims and additional discovery is not required.

Both KACC and SH&E oppose the motion. They argue that Al-Anwa has not met the "good cause" standard under Rule 16 and that none of the four factors weighs in favor of granting it leave to amend.

The deadline to file motions for leave to amend pleadings in this case was January 5, 2009. Discovery closed on June 1, 2010. The parties' dispositive motions are due on July 1, 2010, and the case is set on the court's four-week docket beginning October 4, 2010. The court now considers the four factors under Rule 16 in light of the current procedural posture of this case.

### 1. Explanation for Failure to Timely Move to Amend

The first factor is the movant's explanation for its failure to timely move to amend. Al-Anwa contends that it learned in early March 2010 while preparing expert reports that certain documents had not been produced by KACC. It concedes, however, that it knew that it intended to seek leave with respect to other issues but waited to file its motion:

**Memorandum Opinion and Order – Page 6**

> Al-Anwa previously intended to move for leave to amend its Complaint to (i) add factual allegations regarding KACC's breach of contract relating to its intention to use third-party vendors to perform work on the Aircraft; (ii) add an allegation of a breach of the covenant of good faith and fair dealing to its breach of contract claim against SH&E, a covenant implied in every contract under New York law, and (iii) amend its claim for breach of fiduciary duty against SH&E to clarify that such a breach can be premised on negligent and/or reckless conduct. However, Al-Anwa knew that it was likely that its experts would uncover additional information or factual theories that needed to be incorporated into the Complaint. Al-Anwa therefore waited until after all such information had been uncovered to file this Motion so as to avoid burdening the Court with successive motions and amendments.

Al-Anwa Mot. for Leave (Doc. 123) 6. It further argues that KACC and SH&E were on notice of its intent to seek leave as set forth in its motion.

KACC and SH&E point out that Al-Anwa's motion is filed more than fifteen months after the deadline for motions for leave to amend. They also argue that the reason Al-Anwa did not receive certain documents was because it did not request those documents. Both KACC and SH&E note that Al-Anwa concedes that it waited to file its motion for leave but that this explanation does not support waiting fifteen months to seek leave to amend.

With respect to new facts and theories raised by Al-Anwa's experts, SH&E argues that Al-Anwa waited until expert reports were due to have its experts review the relevant documents and that it has failed to explain why this review did not occur until a few months before the close of discovery. With respect to Al-Anwa's contention that it expressly reserved the right to add a claim for breach of the implied covenant of good faith and fair dealing if New York law applied, SH&E notes that more than a year passed between the court's March 25, 2009 memorandum opinion and order concluding that New York law applied and the motion for leave to amend.

**Memorandum Opinion and Order – Page 7**

KACC points out that one of the documents that Al-Anwa claims raises the need to add new factual allegations and theories – the Repair Station/Quality Control Manual ("Manual") – is specifically referred to in the CCAIMA. It further notes that Al-Anwa never made a formal document request for the Manual and that, upon an informal request, KACC produced it within four business days. KACC also argues that Al-Anwa waited more than a year after the deadline to file a motion for leave to amend to have its experts review documents despite knowing that additional facts or theories might be discovered by them. Finally, KACC argues that two claims of breach of the CCAIMA that Al-Anwa wishes to add were known or should have been known three years ago when Al-Anwa refused to pay under the contract.

The court finds that this factor weighs against granting Al-Anwa leave to amend. It waited until two months before discovery closed to file its motion despite admitting that it knew it had proposed amendments earlier but waited to file. It waited more than a year to seek leave to add a claim for the breach of the implied covenant of good faith and fair dealing. Al-Anwa contends that it knew that its experts might uncover additional facts or legal theories, yet it did not have them review documents until the close of discovery was near and the deadline to amend its pleadings had long passed. Al-Anwa fails to explain its lack of diligence and its failure to move sooner for leave to amend its pleadings.

### 2. Importance of Amendment

Al-Anwa contends that amendment is important because it will facilitate discovery. It states that although the other parties are on notice of its proposed changes, amendment would provide a clear basis for understanding those changes and omit allegations that are no longer pertinent.

**Memorandum Opinion and Order – Page 8**

SH&E and KACC argue that Al-Anwa's description of its amendments as clarifying prevents a finding that such amendments are important. Both cite *Royal Insurance Co. of America v. Schubert Marine Sales*, 2003 WL 21664701, *3-4 (E.D. La. July 11, 2003), in which a district court found that a party's statement that other parties were already on notice of proposed claims weighed against a finding that the amendment was important.

Al-Anwa characterizes its amendments as clarifying, and discovery has concluded in this case. The court finds that this factor weighs against granting leave to amend.

### 3.     Potential Prejudice and Availability of a Continuance to Cure Prejudice

Al-Anwa addresses the third and fourth factors together and contends that its proposed amendment will not prejudice KACC or SH&E. It argues that it is not adding new claims but is adding facts and allegations to support its existing claims. It therefore contends that there is no prejudice to the other parties and that it has met the liberal standard of Rule 15(a).

SH&E contends that the proposed amendment would prejudice it and that a continuance would not cure such prejudice. It argues that Al-Anwa is attempting to add entirely new theories into the case sixty days before the close of discovery and that it is unfair to require it to defend against new claims so late in the litigation. SH&E contends that this late motion would require an extension of the discovery period and the trial setting, which is not warranted in light of Al-Anwa's late motion.

KACC also contends that amendment would cause it prejudice. It also argues that Al-Anwa is seeking to do more than clarify its claims and that it is attempting to bring new causes of action, including two new bases for the breach of contract claim. KACC contends that its litigation strategy has been based upon the claims Al-Anwa has been asserting for years. It notes that the expert

designation deadline has passed and multiple depositions have been taken. KACC argues that Al-Anwa could have brought these claims earlier and should not be allowed to add them now at the eleventh hour. KACC also argues that a continuance at this stage in the litigation is unwarranted and would not cure the prejudice.

The court agrees with KACC and SH&E that Al-Anwa is trying to have it both ways; it argues both that it has reserved the right to add new claims and that its amendments are simply clarifying. A continuance could arguably cure any prejudice to KACC and SH&E; however, this case is set for the court's October 2010 docket. If the court grants a continuance, discovery will have to reopen, and the dispositive motions deadline and trial date will be have to be extended. This case has been pending in this court for more than two years. The court must report all cases that have been pending for more than three years to the Administrative Office of the United States Courts; further delay of this case could result in reporting this case as a three-year-old case. The court has the inherent discretion to manage its docket and questions why it should accommodate litigants who fail to demonstrate diligence. *See Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997).

The court has reviewed the parties' arguments and the proposed amendment; it concludes that, in light of the current posture and age of this case, Al-Anwa's proposed changes would cause prejudice to KACC and SH&E. Al-Anwa seeks leave to add new bases for its breach of contract claim, including a new theory of the breach of the implied covenant of good faith and fair dealing. With respect to a continuance, the court determines that delaying the trial is not warranted. The request for amendment comes too close to the end of discovery and the trial date. The court will not

**Memorandum Opinion and Order – Page 10**

move the trial date at this time. The third and fourth factors therefore weigh against allowing leave to amend.

### 4. Conclusion

The court has considered the four factors and determines that all weigh against granting Al-Anwa leave to amend. It is simply too late in the litigation to add new claims and legal theories. Al-Anwa has not explained the delay in seeking amendment, and the court finds that it could have discovered and moved for leave to add these new claims earlier. The court determines that Al-Anwa has failed to establish good cause pursuant to Rule 16. The court will therefore deny the motion for leave to amend.

## IV. Conclusion

For the reasons stated herein, the court **denies** Plaintiff KACC's Motion for Reconsideration of Summary Judgment Ruling, and **denies** Motion of Defendant/Counterclaim and Third-Party Plaintiff Al-Anwa Aviation Inc., a/k/a Al-Anwa Trading and Contracting Establishment, for Leave to Amend its Complaint.

**It is so ordered** this 24th day of June, 2010.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge