IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KING AEROSPACE COMMERCIAL** | § | |
| **CORPORATION, INC.,** | § | |
| | § | |
| Plaintiff/Counterclaim Defendant, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-0999-L** |
| | § | |
| **AL-ANWA AVIATION, INC., a/k/a** | § | |
| **AL-ANWA TRADING AND** | § | |
| **CONTRACTING ESTABLISHMENT**, | § | |
| | § | |
| Defendant/Counterclaim and | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **SIMAT, HELLIESEN & EICHNER, INC.,** | § | |
| **a/k/a SH&E, INC.,** | § | |
| | § | |
| Third-Party Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court are: (1) Al-Anwa's Motion for Reconsideration, filed September 20, 2010;

(2) the Objection to Magistrate Kaplan's Ruling to Not Strike the Second Supplemental Report of

Robert Sarullo as Untimely, filed September 28, 2010; and (3) the Objection to Magistrate Kaplan's

October 8, 2010 Order Denying SH&E's Motion to Strike the Second Supplemental Report of

Robert Sarullo, filed October 22, 2010. After carefully considering the motion, objections, briefs,

record, and applicable law, the court **denies** Al-Anwa's Motion for Reconsideration; **overrules** the

Objection to Magistrate Kaplan's Ruling to Not Strike the Second Supplemental Report of Robert

Sarullo as Untimely; and **overrules** the Objection to Magistrate Kaplan's October 8, 2010 Order

Denying SH&E's Motion to Strike the Second Supplemental Report of Robert Sarullo.

# I.    Procedural and Factual Background

This case involves a dispute relating to the refurbishment of an aircraft, a Lockheed model number L1011-500, Serial Number 1247, ICOA Registration Number HZ-AB1 (the "Aircraft"), owned by Defendant and Counterclaim and Third-Party Plaintiff Al-Anwa Aviation, Inc. a/k/a Al-Anwa Trading and Contracting Establishment ("Al-Anwa").  Al-Anwa entered into two contracts with Plaintiff and Counterclaim Defendant King Aerospace Commercial Corporation, Inc. ("KACC") relating to the Aircraft.  Al-Anwa also had a relationship with Third-Party Defendant Simat, Helliesen & Eichner, Inc. a/k/a SH&E, Inc. ("SH&E").

The court has set forth the background and procedural history of this case in its prior memorandum opinions and orders.  It hereby incorporates its prior orders in this case and simply notes that the following claims remain for trial: KACC's breach of contract claim against Al-Anwa; Al-Anwa's claims of breach of contract, conversion, aiding and abetting, and civil conspiracy for breach of fiduciary duty against KACC; Al-Anwa's claim of breach of contract against SH&E; and SH&E's claim of breach of contract against Al-Anwa.

Two issues are now before the court.  First, Al-Anwa has moved the court to reconsider its September 10, 2010 decision dismissing with prejudice its claims of negligence, gross negligence, negligent misrepresentation, conspiracy, and attorney's fees against SH&E.  Second, SH&E has filed objections pursuant to Rule 72 of the Federal Rules of Civil Procedure to two decisions by United States Magistrate Judge Jeff Kaplan.  It objects to his September 21, 2010 ruling declining to strike as untimely an expert report filed by Al-Anwa.  It further objects to his October 8, 2010 order denying its motion to strike the same expert report.

## II. Motion for Reconsideration

Al-Anwa moves the court to reconsider its September 10, 2010 decision granting in part and denying in part SH&E's motion for summary judgment. Specifically, Al-Anwa raises six issues that it contends the court should reconsider:

> First, the evaluation of parol evidence to determine whether the parties intended that the August Contract and October "Statement of Work" should be construed as one contract is a task for the jury. Second, SH&E breached duties to Al-Anwa that support the imposition of liability for breach of fiduciary duty and other torts under New York law, regardless of whether SH&E's misconduct also constituted a breach of contract. Third, even if New York law prohibited tort and contract claims from covering the same factual subject matter, Al-Anwa has submitted proof of misconduct by SH&E that occurred before any contract was signed. Fourth, the limitation of liability clause in the August Contract between SH&E and Al-Anwa cannot be enforced in this case as a matter of New York law. Fifth, even if it were otherwise enforceable, the limitation of liability clause cannot apply if the jury concludes that SH&E acted with gross negligence, bad faith, or willful misconduct. Sixth, even if Al-Anwa were asserting a contribution claim barred under New York law, Al-Anwa would still be entitled to seek the $3.9 million already paid to [KACC] as a result of SH&E's breach of its obligations.

Al-Anwa's Mot. for Reconsideration (Sept. 20, 2010) 1-2. SH&E contends that the court addressed these issues in its original memorandum opinion and order and that reconsideration is unwarranted. The court considers each ground raised by Al-Anwa.

### A. August Contract and the Statement of Work

Al-Anwa argues first that the parties' intent is a jury question; it contends that the court should not have decided that there was no genuine issue of material fact that the parties intended that the August Contract and the Statement of Work be construed as one contract. Al-Anwa contends that the court erred by considering extrinsic evidence without determining if there was an ambiguity

in the contracts between the parties. It further contends that there is no ambiguity in the documents. Finally, it argues that if there is ambiguity the determination of the parties' intent lies with the jury and it should be construed against SH&E, the drafter.

SH&E responds that the court's original decision was correct; the August Contract and the Statement of Work should be interpreted as one contract under New York law because the parties intended that they be construed together. It argues that Al-Anwa is simply repeating its argument made in response to the motion for summary judgment. It further argues that Al-Anwa can point to no extrinsic evidence that contradicts the plain meaning of the contract and that there is therefore no issue of material fact that would require determination by a jury.

The court has carefully reviewed the parties' arguments and the applicable law. Al-Anwa has not convinced the court that its earlier decision should be reconsidered. The August Contract specifically contemplates additional written agreements between the parties. The two documents relate to the same subject matter and are between the same parties. Moreover, they were executed within a few months of each other, and they do not contain conflicting terms. Accordingly, the two documents, on their face, can be construed as a single contract pursuant to New York law. For this reason, the court will not reconsider its decision as to the legal effect of the August Contract and the Statement of Work, and it need not reach Al-Anwa's arguments about extrinsic evidence.

### B.  Duplication of Tort and Contract Claims

Next, Al-Anwa moves the court to reconsider its determination that its tort claims are duplicative of its breach of contract claim. It contends that the same conduct may underlie a breach of contract and breach of a fiduciary duty claim. Al-Anwa argues that SH&E had a fiduciary obligation to it and that under New York law both tort and contract claims are appropriate in that

situation. It further argues that it has alleged tortious conduct by SH&E before any contract existed between the parties. Al-Anwa therefore contends that its breach of fiduciary duty claim arises from facts separate from those underlying its contract claim.

SH&E opposes the motion and argues that the court should not revisit its earlier decision. It argues that the court did not incorrectly focus on the similarity of the facts underlying the claims but that it correctly focused on Al-Anwa's failure to allege the breach of any fiduciary duty that was separate from its breach of contract claim.

The court will not reconsider its earlier decision. It finds that *Brooks v. Key Trust Co. National Association*, 26 A.D.3d 628 (N.Y. App. Div. 2006), is most applicable to the case before it. In this case, as in *Brooks*, the allegations underlying the breach of fiduciary duty claim are expressly raised in Plaintiff's breach of contract claim. Plaintiff has not identified any act – beyond those that would be a breach of the contracts – that would support a claim for breach of fiduciary duty. As SH&E points out, the cases cited by Plaintiff to distinguish *Brooks* relate to public policy concerns that are not at issue in this dispute. *E.g.*, *Bullmore v. Ernst & Young Cayman Islands*, 45 A.D.3d 461, 463 (N.Y. App. Div. 2007). Unlike the attorney-client relationship in *Bullmore*, the parties' relationship in this case was created by and defined by the scope of their contractual agreement. Thus, any acts before the contract was signed cannot give rise to a breach of any duty.

While not all the cases cited by Al-Anwa relate to such a special relationship, they still are distinguishable from *Brooks* because the breach of the duty was based upon something more than just the performance of the contract. *See Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 57 (N.Y. App. 1988) (Plaintiffs alleged that defendants "breached . . . specific duties extraneous to their contractual obligations . . . ."). In this case, as the court noted in its earlier decision, each

and every act alleged to be a breach of a fiduciary duty or to be the basis of a tort claim is also alleged to be a breach of the parties' contractual agreement. Moreover, the damages sought by Plaintiff for its tort claims are economic damages identical to those sought in its breach of contract claim. The court finds that Al-Anwa's tort claims are duplicative of its breach of contract claims and should have been dismissed.

### C. Limitation of SH&E's Liability

Next, Al-Anwa contends that the limitation of liability clause cannot be enforced for two reasons. First, it argues that the clause is not drafted in sufficiently clear and unequivocal terms. Second, it argues that the clause is not enforceable because of the special relationship between SH&E and Al-Anwa.

SH&E responds that Al-Anwa is making the same arguments it made in response to the motion for summary judgment. It argues that many of the cases cited by Al-Anwa refer to exculpatory clauses, not limitation of damages clauses like that at issue here. SH&E also argues that there is no special relationship between the parties to justify special damages.

The court will not reconsider that part of its prior decision that limited SH&E's liability to Al-Anwa to $25,380. The court's analysis was based on the limitation of liability clause in the August Contract that limits damages to Al-Anwa to "the amount of professional services compensation actually received by" SH&E. While the contract also included an exculpatory clause, it was not pertinent to the court's decision. Al-Anwa's arguments regarding the strict construal of such clauses rely upon New York cases considering exculpatory clauses, not clauses limiting damages. The case Al-Anwa points to for the proposition that such clauses are considered identically under New York law only applies in a limited circumstance, where a party seeks to

"insulate itself from damages caused by grossly negligent conduct." *Sommer v. Fed. Signal Corp.*, 79 N.Y.S.2d 540, 554 (N.Y. 1992). The term limiting, but not exculpating entirely, damages is clear and unambiguous. Finally, to the extent that Al-Anwa argues that the clause should not be enforced because of a special relationship between the parties, the cases cited refer to public interests that are not at issue in this dispute.

### D.    Gross Negligence, Bad Faith, or Willful Misconduct

Next, Al-Anwa argues that the jury must determine whether SH&E acted with gross negligence, bad faith, or willful misconduct. It argues that under New York law public policy prohibits a party from insulating itself from damages caused by grossly negligent conduct or intentional wrongdoing. Al-Anwa argues that the court's decision that there are genuine issues of material fact requires that a jury decide whether SH&E acted with gross negligence, bad faith, or willful misconduct.

SH&E responds that there is nothing in the limitation-of-damages clause that excepts its applicability if there is a finding of gross negligence, bad faith, or willful misconduct. It also argues that the general rule applies when a contract limits damages to a nominal sum; SH&E argues that there is nothing nominal about the $25,380 amount to which Al-Anwa is limited.

The court need not determine whether the public policy rule applies in this case because it specifically held that Al-Anwa's tort claims are duplicative of its breach of contract claim and should be dismissed. While the court found that there were genuine issues of material fact with respect to whether any contract was breached, it also found that every tort allegation made by Al-Anwa was duplicative of alleged breaches of the contract and that the tort allegations "are simply allegations of breaches of the parties' written agreements." Mem. Op. & Order (Sept. 10, 2010) 18.

Accordingly, the court need not determine whether the limitation-of-damages clause violates the New York rule because there are no independent tort claims remaining.

### E.    Contractual Damages

Finally, Al-Anwa asks the court to reconsider its decision that it is prohibited from seeking damages from SH&E that stem from its contract with KACC.  It argues that it has asserted independent tort claims and that even if it has brought a contribution claim it can recover damages incurred before the litigation began.  Al-Anwa contends that it seeks the recovery of $3.9 million paid to KACC before this action was filed and that these damages exist independently of the main lawsuit.

SH&E responds that Al-Anwa's argument is flawed because damages always arise prior to a lawsuit and that the lawsuit simply determines who is responsible.  It argues that the damages Al-Anwa's seeks stem directly from its contract with KACC and that it has sought these damages in its contract claim against KACC.

The court is not persuaded to reconsider its earlier decision.  While Al-Anwa argues that it does not seek contribution damages, the court determines that SH&E should not be held liable for promises made between Al-Anwa and KACC in a separate contract.

Al-Anwa has not persuaded the court to reconsider on any of the bases raised in its motion. Accordingly, the court will deny Al-Anwa's motion to reconsider in its entirety.

## III.    Objections to Judge Kaplan's Rulings

The court next considers SH&E's objections to two rulings by United States Magistrate Judge Jeff Kaplan relating to the Second Supplemental Report of Robert Sarullo (the "Second Report").  Both SH&E and KACC moved to strike the Second Report.  On September 21, 2010,

Judge Kaplan entered an order declining to strike the Second Report, ordering Sarullo to appear for a deposition, and allowing supplemental briefing by the parties. He also set a hearing for October 8, 2010. Judge Kaplan held a hearing on October 8, 2010, and on the same day, denied the motions filed by SH&E and KACC. SH&E has filed objections to Judge Kaplan's orders of September 21, 2010, and October 8, 2010.

## A. Legal Standard

A magistrate judge may rule directly on a nondispositive pretrial motion. 28 U.S.C. § 636(b)(1)(A). A district court may modify or set aside these rulings only if they are "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The "clearly erroneous" standard applies to the magistrate judge's factual determinations. *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994). A magistrate judge's determination is "clearly erroneous" when, "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D. 480, 481 (N.D. Tex. 2001) (internal citation omitted). The "contrary to law" standard applies to the magistrate judge's legal conclusions. *Smith*, 154 F.R.D. at 665. The district court reviews a magistrate judge's legal conclusions *de novo*. *Id*.

## B. September 21, 2010 Order

SH&E's first objection relates to Judge Kaplan's decision not to strike the Second Report as untimely. It contends that this ruling was erroneous and contrary to law. SH&E argues that Al-Anwa's late designation of opinions by Sarullo was so late that it caused prejudice to it and that it "deliberately scorn[ed] the Court's Scheduling Order." SH&E Obj. (Sept. 28, 2010) 2.

Al-Anwa responds that this objection is premature in light of Judge Kaplan's order to depose Sarullo and to file supplemental briefing. It argues that there is no basis to overturn his decision declining to strike the Second Report and that the late designation was due to events outside of Al-Anwa's control.

The court finds that the objection was not made prematurely. Judge Kaplan first declined to strike the Second Report as untimely; his later decision concerned the reliability of the opinions in the Second Report. It does find, however, that there is no basis to reverse the magistrate judge pursuant to Rule 72. The decision whether to strike the report as untimely falls within the discretion of the court. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). Rather than striking the Second Report on a procedural ground, the magistrate judge ordered the deposition of Sarullo and subsequent briefing so that the court could consider the substance of the opinions. The court does not find that this decision was clearly erroneous or contrary to law. Accordingly, the court will overrule SH&E's objections to Judge Kaplan's September 21, 2010 order.

**C.      October 8, 2010 Order**

On October 8, 2010, the magistrate judge denied both KACC and SH&E's motions to strike the Second Report after holding a hearing and considering the parties' supplemental briefs filed after Sarullo was deposed. The magistrate judge made findings on the record during the hearing and also filed a written order denying the motions.

SH&E objects to the magistrate judge's decision. It contends that the Second Report is both unreliable and irrelevant to any issue remaining in the case. SH&E argues that Sarullo's opinions are inherently unreliable and that they relate to damages that Al-Anwa does not intend to seek in this case.

Al-Anwa responds that the magistrate judge's decision was correct and that SH&E is confusing credibility with reliability. It contends that any issues of credibility should be evaluated by the jury and do not require exclusion of the expert opinions. Al-Anwa also argues that SH&E has failed to show that the magistrate judge's decision was clearly erroneous or contrary to law.

The court agrees with Al-Anwa; the magistrate judge's decision was not clearly erroneous or contrary to law. The parties' main dispute concerns the credibility of Sarullo's statements regarding the basis for the opinions set forth in the Second Report. These are jury questions, and they do not go to a determination of whether the opinions are admissible pursuant to Rule 702 of the Federal Rules of Evidence. As the magistrate judge noted, rather than excluding these opinions, they should be subject to questioning before the jury. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

The court also determines that it should not disturb the magistrate judge's determination that the damages opinions proffered by Sarullo are relevant pursuant to the liberal standard of Rule 401 of the Federal Rules of Evidence. Al-Anwa is seeking the costs of reinstalling the Aircraft's interior as part of its damages. The opinions in the Second Report certainly have some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Accordingly, the court will overrule SH&E's objections to the magistrate judge's October 8, 2010 order.

**IV.     Conclusion**

For the reasons stated herein, the court **denies** Al-Anwa's Motion for Reconsideration; **overrules** the Objection to Magistrate Kaplan's Ruling to Not Strike the Second Supplemental Report of Robert Sarullo as Untimely; and **overrules** the Objection to Magistrate Kaplan's October 8, 2010 Order Denying SH&E's Motion to Strike the Second Supplemental Report of Robert Sarullo.

**It is so ordered** this 8th day of December, 2010.

Sam A. Lindsay
United States District Judge